UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEAN DEERING,

       Plaintiff,

v.                        CASE NO.  8:12-CV-2163-T-17AEP

FEDERAL AVIATION
ADMINISTRATION,

       Defendant.

_____/

ORDER

This cause is before the Court on:

| Dkt. 6 | Amended Complaint |
| Dkt. 7 | Motion to Dismiss Amended Complaint |
| Dkt. 8 | Response |
| Dkt. 9 | Second Amended Complaint |
| Dkt. 10 | Second Motion to Amend/Correct |
| Dkt. 12 | Motion to Dismiss Second Amended Complaint |
| | Motion to Strike |

Plaintiff Sean Deering commenced this case by filing a Complaint for discrimination against the Federal Aviation Administration ("FAA") on 9/28/2012. (Dkt. 1).  Plaintiff Deering asserts federal question jurisdiction pursuant 28 U.S.C. Sec. 1331. In the Statement of Jurisdiction, Plaintiff alleges that this case is an action for damages against the Administrator of, and the Federal Aviation Administration who in concert with other employees and agents of the United States Government adversely affected Plaintiff's reasonable expectation of obtaining gainful employment with the Defendant. Plaintiff further alleges that because Section 1983 does not have its own statute of

Case No. 8:12-CV-2163-T-17AEP

limitations, the applicable statute of limitations is 4 years, pursuant to Ch. 95.11(3)(e), Florida Statutes.

In the General Factual Allegations, Plaintiff Deering alleges Plaintiff obtained a first class medical certificate, which noted that Plaintiff had slight color blindness. (Par. 7). Plaintiff further alleges that a second class medical certificate is required to exercise the privileges of an Air Traffic Controller. (Par. 10). Plaintiff Deering alleges that Plaintiff obtained a first class medical certificate for April, 2006 with the limitation that it was not valid for night flying or for colored light controls; Plaintiff Deering further alleges Plaintiff was retested the same day and received a first class medical certificate with no limitations, or no color vision limitations. (Par. 15). Plaintiff Deering alleges that all first class medical certificates for which Plaintiff Deering has applied since that time have been issued with no color vision limitations. (Par. 16).

Plaintiff Deering further alleges that Plaintiff received a letter dated June 29, 2006 stating that: "You have satisfactorily demonstrated your ability to meet the color vision standards for any class of airman medical certification as prescribed in Title 14 of the code of Federal Regulations (CFR's), Section 67.103(c), and 67.303(c). This statement is based on your ability to pass the Aviation Signal Light Test." In the same letter it was also stated "You do not require a Statement of Demonstrated Ability (waiver)." (Par. 17).

Plaintiff Deering further alleges that "Plaintiff took another medical test upon graduating which was a different test than previously taken by the FAA, and concluded different results. These results were the consequence of different color vision standards and testing being applied." (Par. 20). Plaintiff further alleges:

> 22. These "different" color vision standards were being
> applied by the personnel conducting the review, therefore,

2

Case No. 8:12-CV-2163-T-17AEP

> these persons were <u>writing regulations</u> and not <u>obeying regulations</u>; since the regulations simply state that "Normal color vision" is required for a first class medical, which Plaintiff Sean Deering demonstrated that he had by passing the requirements of a first-class medical with no limitations, and the standards of a second class medical is all that is required for employment as an Air Traffic controller; a second class medical has lower medical standards."

(Dkt. 1, p. 6).

In Count I, labeled "Discrimination," Plaintiff alleges that Plaintiff Deering was induced into enrolling in Air Traffic Controllers School in reliance on statements made by FAA representatives, the inducement was of a definite and substantial character, and Plaintiff Deering relied on the inducements to his detriment. Plaintiff Deering further alleges that, after he paid for his education, Plaintiff was discriminated against by being told he couldn't be an Air Traffic Controller because of medical deficiencies, which were "NEW Standards Now Being Applied." "These new Standards were not part of the Federal Aviation Regulations but were created by the personnel at the Federal Aviation Administration Office." (Par. 27). Plaintiff Deering sought a judgment of compensatory damages in the amount of $300,000.00, reasonable attorney's fees and costs, or in the alternative to be allowed to apply as an Air Traffic controller and to be employed using the standards of the Federal Aviation Regulations.

I. Background

The Court notes that Plaintiff Sean Deering filed Case No. 8:10-CV-1524-T-27MAP, Sean Deering v. Federal Aviation Administration, in which Plaintiff Deering filed suit against Defendant Federal Aviation Administration based on the same facts. In his Complaint, Plaintiff Deering asserted a single claim for promissory estoppel. Plaintiff Deering request the award of compensatory damages of $300,000.00, reasonable attorney's fees and costs, or in the alternative to be allowed to apply as an Air Traffic

Case No. 8:12-CV-2163-T-17AEP

Controller and to be employed using standards that [were] used when [Plaintiff] was induced to obtain an education as an Air Traffic Controller. Plaintiff Deering further requested a jury trial.

Defendant Federal Aviation Administration moved to dismiss for lack of subject matter jurisdiction both facially and factually. The Court granted Defendant's Motion to Dismiss, with leave to file an amended complaint that included a short and plain statement of the basis of federal jurisdiction over Plaintiff's claims and specified the statutory waiver of the United States' sovereign immunity from suit as to those claims. The Court further directed Plaintiff Deering to file a properly supported motion to transfer, in the event that Plaintiff elected to seek transfer of the amended complaint to the Court of Appeals for the District of Columbia or the Court of Appeals for the Eleventh Circuit pursuant to 49 U.S.C. Sec. 46110(a). The Court further notified Plaintiff Deering that the failure to file an amended complaint in accordance with the Court's Order would result in the dismissal of the case without further notice. (Case No. 8:10-CV-1524-T-27MAP, Dkt. 12). Plaintiff Deering did not file an amended complaint; the case was dismissed on July 7, 2011. (Dkt. 13).

The Court also notes that Plaintiff sought redress in the Court of Claims, Case No. 12-26C, Deering v. USA. (Dkt. 7-1). That case was dismissed for lack of jurisdiction.

II. Procedural Posture of This Case

After service of the Complaint, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. 5). Rather than file a response to the Motion to Dismiss, Plaintiff Deering filed an Amended Complaint (Dkt. 6). Fed. R. Civ. P. 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). The

4

Case no. 8:12-CV-2163-T-17AEP

Court denied the Motion to Dismiss as moot.  (Dkt. 8).

Defendant filed a Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction, and for failure to state a claim.  (Dkt. 7).  Rather than filing a response to the Motion to Dismiss, Plaintiff Deering filed a Second Amended Complaint. (Dkt. 9).  Fed. R. Civ. P. 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

After filing the Second Amended Complaint without the consent of Defendant, Plaintiff Deering moved for leave of Court to file the Third Amended Complaint.  (Dkt. 10).  Defendant then filed a Motion to Dismiss the Second Amended Complaint, or in the alternative, a Motion to Strike the Second Amended Complaint.  Defendant argues that, because the Second Amended Complaint was filed without the consent of Defendant and without leave of court, the Second Amended Complaint should be stricken.   Defendant Federal Aviation Administration further argues that leave to file an amended complaint should be denied, as the proposed amendment is futile.

The Court will determine Defendant's Motion to Dismiss the Amended Complaint (Dkt. 6) for lack of subject matter jurisdiction, and then determine whether it is appropriate to permit the filing of an amended complaint.

III.  Standard of Review
A.  Leave to Amend

The Court should deny leave to amend a pleading only when: 1) the amendment would be prejudicial to the opposing party; 2) there has been bad faith or undue delay on the part of the moving party; or 3) the amendment would be futile.  McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999); Carruthers v. BSA Advertising, Inc., 357

Case no. 8:12-CV-2163-T-17AEP

F.3d 1213, 1218 (11th Cir. 2004).   An amendment is futile if the cause of action
asserted therein could not withstand a motion to dismiss.  <u>Florida Power & Light Co. v.
Allis Chalmers Corp.</u>, 85 F.3d 1514, 1520 (11th Cir. 1996).


B.  Rule 12(b)(6)

       "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short
and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed
factual allegations" are not required, <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007),
but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to
relief that is plausible on its face," <u>Id.</u>, at 570.   A claim has facial plausibility when the
pleaded factual content allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged. <u>Id.</u>, at 556.  Two working principles
underlie <u>Twombly</u>.  First, the tenet that a court must accept a complaint's allegations as
true is inapplicable to threadbare recitals of a cause of action's elements, supported by
mere conclusory statements. <u>Id.</u>, at 555.  Second, only a complaint that states a
plausible claim for relief survives a motion to dismiss.  Determining whether a complaint
states a plausible claim is context-specific, requiring the reviewing court to draw on its
experience and common sense. <u>Id.</u>, at 556.  A court considering a motion to dismiss
may begin by identifying allegations that, because they are mere conclusions, are not
entitled to the assumption of truth.  While legal conclusions can provide the complaint's
framework, they must be supported by factual allegations.  When there are
well-pleaded factual allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to relief.  <u>See</u> <u>Ashcroft v.
Iqbal</u>, 129 S.Ct. 1937, 1955-1956 (2009)(quoting <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544
(2007).

C.  Rule 12(b)(1)

Case no. 8:12-CV-2163-T-17AEP

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks."  Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  Where a factual attack challenges the existence of subject matter jurisdiction, the Court may consider matters outside the pleadings.  The Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  See Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990).  Where a factual attack implicates an element of the cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56.  The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.  See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897 (1981).


V.   Dkt. 6   Amended Complaint
     Dkt. 7   Motion to Dismiss

The Amended Complaint echoes the allegations of the Complaint, with some additions.


In the Statement of Jurisdiction, Plaintiff has included the following allegations:


1.   .........; this is not a Tort claim.

......

4.  Title VII outlaws discrimination in employment...and waives sovereign immunity with respect to claims for [personnel] actions affecting

Case no. 8:12-CV-2163-T-17AEP

employees or applicants for employment...in military departments...[and] executive agencies..."42 U.S.C. 2000e-16(a)(2000).  <u>Middlebrooks v. Leavitt</u>, 525 F.3d 341 (4th Cir. 2008).

In the allegations of Count I, Discrimination, Plaintiff Deering has included the following allegations:

> 29.  Sean Deering feels the agency is applying the color vision standards to him that are higher than that needed to become an Air Traffic Controller since the FAA requires a Second Class Medical and he is able to obtain a First Class Medical.  If Sean Deering's color blindness was a true problem he would not be able to obtain a First [Class Medical].

> 30. .....This is a matter of the FAA applying standards to Sean Deering in a discriminatory manner.

Defendant FAA moves to dismiss the amended complaint pursuant to Rule 12(b)(1) and 12(b)(6) , Fed. R. Civ. P., for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted.

A.  Title VII

Plaintiff Deering has grafted sparse Title VII allegations onto Plaintiff's claim for damages caused by the alleged misrepresentation of FAA representatives which induced Plaintiff Deering to complete Air Traffic Controller school with the alleged reasonable expectation that Plaintiff would be qualified to be hired as an Air Traffic Controller at the conclusion.

42 U.S.C. Sec. 2000e-16(a) prohibits discriminatory practices as to employees of the Federal Government and applicants for employment with the Federal Government.

1.  Failure to state a claim

8

Case no. 8:12-CV-2163-T-17AEP

The Court disregards the allegations of the Amended Complaint which are mere legal conclusions without supporting factual allegations. Plaintiff Deering has not included factual allegations in the Amended Complaint which identify the type of discrimination to which Plaintiff was allegedly subjected. Plaintiff has included only the allegation that Plaintiff believes that Plaintiff's eligibility for employment was subjected to color vision standards that are higher than that needed to become an Air Traffic Controller. Plaintiff has not included factual allegations which are necessary to establish a plausible prima facie Title VII claim.

The Court notes that Regional Flight Surgeon Marvin Jackson's letter of September 18, 2009 notifies Plaintiff Deering that Plaintiff does not meet the medical standard for the position of Air Traffic Control Specialist due to Color Vision Deficiency. Defendant Jackson's letter further states:

> While we sincerely regret the necessity for this action, you will understand that this action is take based on the existing regulations and in the interest of aviation safety.
>
> The regulatory basis for this determination is found in the Retention Requirements of the OPM Qualification Standards for the Air Traffic Control Series (GS-2152), and the Federal Aviation Administration Order 3930.3A, Appendix 1, Retention Requirements, Section A. (3).
>
> This determination is subject to reconsideration and review as outlined in Order 3930.3A. A request for reconsideration should be supported by new/or additional medical information. If you wish to request reconsideration by the Federal Air surgeon, the request for reconsideration and accompanying documentation should be submitted to this office within fifteen (15) days of the receipt of this letter.
>
> All charges incurred in obtaining the medical data will remain your responsibility. If the additional medical documentation does not support a reversal of my original decision then your medical file will be sent to the Federal Air Surgeon on

9

Case no. 8:12-CV-2163-T-17AEP

        appeal.  The decision of the Federal Air Surgeon is the final
        medical decision of the agency.

(Dkt. 7-2, pp. 14-15).


2.  Exhaustion of Administrative Remedies


    Plaintiff Deering does not allege that Plaintiff consulted an EEO officer within the

FAA within forty-five days of the date of the matter alleged to be discriminatory in order

to attempt an informal resolution, in accordance with 29 C.F.R. Sec. 1614.105.

Ramirez v. Secretary, U.S. Dept. Of Transp., 686 F.3d 1239, 1243 (11th Cir. 2012).  In

the absence of waiver, estoppel or equitable tolling, failure to timely contact an EEO

Counselor bars the Court from further consideration of Plaintiff's Amended Complaint.

Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)(45-day time limit functions like

statute of limitations, is subject to waiver, estoppel and equitable tolling).


    Plaintiff Deering does not allege that Plaintiff filed a formal complaint with the

FAA, in accordance with the applicable regulations.  See 29 C.F.R. Sec. 1614.106.

Plaintiff Deering does not allege that Plaintiff appealed the agency's final decision as to

alleged discriminatory conduct to the EEOC, or that Plaintiff sought reconsideration of

an unfavorable final decision.  See 29 C.F.R. Sec. 1614.110(b); 29 C.F.R. Sec.

1614.405(b).  An applicant for employment who has completed the administrative

process and obtained an unfavorable final decision may bring a Title VII action in

district court, where he is entitled to a de novo review.   Moore v. Devine, 780 F.2d

1559 (11th Cir. 1986).


    The Court notes that Defendant has provided the Declaration of Cheryl Wilkes,

attesting that Plaintiff Deering did not file an administrative EEO Complaint or contact

an EEO Counselor within the statute of limitations.  (Dkt. 7-3).  The Court's

consideration of the Declaration would convert Defendant's Rule 12(b)(6) Motion to

Case no. 8:12-CV-2163-T-17AEP

Dismiss to a Motion for Summary Judgment.  Since the Court has not specifically notified Plaintiff Deering that the Court would convert the Motion to Dismiss, and has not granted Plaintiff an opportunity to file opposing documentation, the Court will defer consideration of the Declaration.

Based on the absence of any allegations which establish that Plaintiff Deering exhausted administrative remedies, and the absence of factual allegations which establish a plausible Title VII claim, the Court **grants** Defendant's Motion to Dismiss for failure to state a claim.

B.  Sovereign Immunity

The United States may not be sued without its consent, and a court does not have jurisdiction of an action against the United States to which it has not consented. United States v. Mitchell, 445 U.S. 535, 538 (1980).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  See FDIC v. Meyer, 510 U.S. 471, 475 (1994).  A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."  United States v. King, 395 U.S. 1, 4 (1969).

In the Amended Complaint, Plaintiff Deering has alleged jurisdiction under 28 U.S.C. Sec. 1331 and Title VII.  Title 28 U.S.C. Sec. 1331 is not a waiver of sovereign immunity.  Harbert v. United States, 206 Fed. Appx. 903, 907 (11th Cir. 2006).  To the extent that Plaintiff Deering is proceeding under 42 U.S.C. Sec. 1983, federal officials do not act under color of state law, and Sec. 1983 does not contain an express waiver of sovereign immunity.   Bernard v. Calejo, 17 F.Supp.2d 1311 (S.D. Fla. 1988).

The burden is on Plaintiff Deering to plead and prove jurisdiction.   In the Amended Complaint, Plaintiff has not adequately pleaded subject matter jurisdiction.

11

Case no. 8:12-CV-2163-T-17AEP

C.  The Federal Tort Claims Act

The Federal Tort Claims Act provides a limited waiver of sovereign immunity making the United States liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment...." 28 U.S.C. Sec. 1346(b).  Where the FTCA applies, the United States may be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. Sec. 2674.

Congress has "adopted several exceptions to this consent to be sued, which must be strictly construed in favor of the United States." McNeily v. United States, 6 F.3d 343, 347 (5th Cir. 1993).  If the alleged conduct falls within one of the statutory exceptions, the Court lacks subject matter jurisdiction over the action.  Boda v. United States, 698 F.2d 1174, 1176 (11th Cir. 1983).

In the Amended Complaint, Plaintiff Deering specifically states that Plaintiff's claim is not a tort claim.   The Court previously dismissed Plaintiff's claim for damages based on promissory estoppel.   The presence of the same factual allegations as in the previous Complaint as to Plaintiff's reliance on the assurances of the FAA to Plaintiff's detriment convince the Court that the substance of Plaintiff's claim is the tort of misrepresentation.  (Dkt. 6, Pars. 20, 23, 26, 27, 28).  The Court notes that "[i]t is the substance of the claim and not the language used in stating it which controls" whether the claim is barred by an FTCA exception.  See Gaudet v. United States, 517 F.2d 1034, 1035 (5th Cir. 1975).  A plaintiff cannot circumvent the misrepresentation exception to the FTC simply through the artful pleading of its claims.  See Atorie Air, Inv. v. Federal Aviation Admin., 942 F.2d 954, 958 (5th Cir. 1991).  The Court finds that the basis of Plaintiff's claim of "discrimination" remains the alleged misrepresentation of FAA representatives, which Plaintiff alleges caused Plaintiff's damages.

12

Case no. 8:12-CV-2163-T-17AEP

Plaintiff has not alleged that Plaintiff complied with the requirements of the FTCA. To the extent that Plaintiff has alleged a tort claim against the United States (nominally the FAA) based on misrepresentations, Plaintiff's claim is within an exception to the FTCA.

D. Collateral Attack on Final Order of FAA

The September 9, 2009 notice to Plaintiff Deering (Dkt. 7-2, pp. 14-15) notified Plaintiff Deering that the decision of the Flight Surgeon was a final order of the Agency. Plaintiff Deering does not allege that Plaintiff sought reconsideration by providing new or additional medical information within the specified time.

Title 49 U.S.C. Sec. 46110(a) provides:

[A] person disclosing a substantial interest in an order issued by....the Federal Aviation Administration....may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. Sec. 46110(c) provides that the courts of appeals' jurisdiction to review such orders is exclusive. As the Eleventh Circuit Court of Appeals states in Green v. Brantley, 981 F.2d 514, 521 (11th Cir. 1993), "[w]here Congress has provided in the courts of appeals an exclusive forum for the correction of procedural and substantive administrative errors, a plaintiff may not bypass that forum by suing for damages in district court."

To the extent that Plaintiff's claim against the FAA is a collateral attack on a final order of the FAA, this Court does not have jurisdiction. The Court **grants** Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

13

Case no. 8:12-CV-2163-T-17AEP

V.   Dkt. 10   Motion to Withdraw Second Amended Complaint and Request for
                Leave to File Third Amended Complaint
     Dkt. 12   Motion to Dismiss Second Amended Complaint; Motion to Strike
                Second Amended Complaint

     Plaintiff Deering requests the withdrawal of the Second Amended Complaint,
and leave to file the Third Amended Complaint pursuant to Rule 15(a)(2).

     Defendant responds that Plaintiff's request for leave to amend should be denied
due to futility.  Defendant argues that a proposed amendment is futile "when the
complaint as amended would still be properly dismissed."  Coventry First LLC v.
McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (citations omitted).

     The Court construes Defendant's Motion to Dismiss and Motion to Strike to
respond to Plaintiff's Motion for leave to file a Third Amended Complaint.   The Court is
to freely grant leave to amend "when justice so requires."   Plaintiff Deering was first
notified of the deficiencies of Plaintiff's complaint in 2011, in the Order granting the
Motion to Dismiss in Case No. 8:10-CV-1524-T-27MAP.  Plaintiff Deering has had
many opportunities to amend the complaint, but Plaintiff has not corrected the
deficiencies.  Plaintiff has changed the legal theory of his claim, but the fact remains
that this Court does not have jurisdiction over a claim which challenges a final order of
the FAA, and Plaintiff's tort claim is barred by sovereign immunity.   Plaintiff has
dressed Plaintiff's claim up as a discrimination claim, but Plaintiff did not exhaust the
administrative remedies available to him, and the statute of limitations has run on an
EEO claim.

     After consideration, the Court concludes that Plaintiff's Motion for Leave to File
Third Amended Complaint should be denied due to futility.  The Court will grant
Plaintiff's Motion to Withdraw the Second Amended Complaint, and will deny
Defendant's Motion to Dismiss Second Amended Complaint or Motion to Strike Second

14

Case no. 8:12-CV-2163-T-17AEP

Amended Complaint as moot.  Accordingly, it is

    **ORDERED** that Defendant's Motion to Dismiss for failure to state a claim and for
lack of subject matter jurisdiction is **granted**.  It is further

    **ORDERED** that Plaintiff's Motion to Withdraw Second Amended Complaint is
**granted**, and request for leave to file an amended complaint is **denied**.  Defendant's
Motion to Dismiss the Second Amended Complaint or Motion to Strike Second
Amended Complaint is **denied** as moot.  This case is **dismissed without prejudice**.
The Clerk of Court shall close this case.


    **DONE and ORDERED** in Chambers, in Tampa, Florida on this
24th day of July, 2013.

                                      ELIZABETH A. KOVACHEVICH
                                      United States District Judge

Copies to:
All parties and counsel of record

15